195 B Owner LLC v Anthropologie Inc. (2023 NY Slip Op 50646(U))

[*1]

195 B Owner LLC v Anthropologie Inc.

2023 NY Slip Op 50646(U)

Decided on June 30, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

&em;

195 B Owner LLC, Petitioner-Landlord-Appellant, 
against
Anthropologie Inc., Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Ilana J. Marcus, J.), dated November 21, 2022, which denied its motion for summary judgment and granted tenant's cross motion for summary judgment dismissing the petition in a nonpayment summary proceeding, and from the ensuing final judgment (same court and Judge), entered December 29, 2022, awarding tenant $143,914.52, inclusive of interest, costs and disbursements.

Per Curiam.
Final Judgment (Ilana J. Marcus, J.), entered December 29, 2022, reversed, with $30 costs, tenant's cross motion for summary judgment denied, petition reinstated, and matter remanded to Civil Court for further proceedings. Appeal from order (Ilana J. Marcus, J.), dated November 21, 2022, dismissed, without costs, as subsumed in the appeal from the final judgment.
Tenant's cross motion for summary judgment dismissing the commercial nonpayment petition should have been denied. The record so far developed is insufficient to establish as a matter of law that the leased premises, located at 195 Broadway, were subject to a "taking" within the meaning of Section 20 of the governing lease, so as to suspend tenant's obligation to pay rent. Pursuant to Section 20, a "taking" occurs if tenant is "denied or deprived of either the use, occupancy and/or enjoyment of the Leased Space and/or the ability to operate its business thereon or therefrom by action or decree of any lawful power or authority." While tenant argues that the Governor's COVID-19 Executive Orders forbidding in-person work constituted a "taking" within the meaning of Section 20, the record is unclear as to the nature and extent, if any, of the tenant's use of the premises during the disputed March 22, 2020 through June 22, 2020 period, or, stated differently, whether tenant was "deprived of all use or occupancy of the leased space" during that period (Delshah 60 Ninth, LLC v Free People of PA, LLC, US Dist Ct, SD NY, No. 20-CV-5905, Furman, J., 2022]).
In light of this disposition, we do not reach the remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 30, 2023